CHARLES C. COHEN AND HARRY HERMAN, TRADING AS NATIONAL CHECK CASHING SERVICE, PLAINTIFFS-APPELLANTS, v. ALEXANDER FRIEDBERG, TRADING AS SLATE AND STONE PRODUCTS CO., DEFENDANT-RESPONDENT.

Argued October 7, 1947—Decided January 15, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiffs-appellants, *Maurice Schapira.*

For the defendant-respondent, *Harry Silverstein.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The appeal is by the plaintiffs from a judgment entered against them on a verdict directed for the defendant at the close of the trial. The suit was to recover on a check in the amount of $1,000, of which the defendant was the maker, drawn on the Fidelity Union Trust Company to the order of Plymouth Steel Co.

The main defenses were that there had been a failure in the consideration for which the check was given and that the plaintiffs were not holders in due course in that they were agents of the payee, they had not taken the instrument in good faith and for value and the check had not been duly endorsed by the payee. The payee was Plymouth Steel Co., a corporation, all of whose capital stock was owned by its president and secretary, C. G. McFall. The endorsement on the check is as follows:

> "Plymouth Steel Co.
> C. G. McFall
> For deposit in
> Royal Industrial Bank
> 451"

McFall gave the check to the plaintiffs at their place of business in New York City where, licensed by the State of New York, they operated under the name of "National Check Cashing Service." In return McFall was given $995 in cash. Plaintiffs had no knowledge of any defect in the instrument or of any failure in the consideration. They deposited the check, endorsed as stated, in the Royal Industrial Bank, New York, and some days later were informed by that bank that the check had not been paid. Plaintiffs introduced in evidence as a part of their main case a certified copy of a resolution passed by the board of directors of Plymouth Steel Co. whereby that corporation *inter alia* designated "National Check Cashing Service" to act as its agent and representative, with full power and authority to endorse and deposit in Royal Industrial Bank, either in its own name or otherwise, any commercial paper payable to the order of the corporation which might at any time come into the possession or control of National Check Cashing Service and to collect the same and pay and disburse the proceeds, either under its own name or the name of the corporation. The testimony by plaintiffs was that the transaction between McFall and them regarding the check sued upon was pursuant to that resolution.

The trial court concluded that there had been a failure of consideration—as there undisputedly had been—and that by reason of the resolution the National Check Cashing Service was the agent of the payee for the purposes of collection and so was not a holder in due course. Therefore, the direction of verdict for the defendant.

We find nothing to raise an issue with the resolution which fixed the capacity in which the plaintiffs were to act as agents and representatives of the payee corporation. The endorsement presents no inconsistency. Plaintiffs' witness testified that the paper was required by the bank. But that statement does not throw doubt upon the apt description of the capacity in which plaintiffs held the paper. The proofs contain no explanation of the numerals "451." There is nothing to show that the delivery of the check to the plaintiffs and the giving of the money by them to the payee marked a finality in the transaction between those parties or that those acts were not

parts of the comprehensive agency set forth in the resolution pursuant to which the transaction occurred whereby the payee remained the principal and the plaintiffs the agents and representatives of the payee in making the collection.

The points presented by the appellants are, first, that the trial court erred in permitting testimony to be adduced at the trial to show transactions between the payee and the maker as affecting the right to recover by the plaintiffs-appellants, holders in due course; second, that the court erred in directing a verdict for the defendant; and, third, that the court erred in refusing to direct a verdict for the plaintiffs.

What we have said disposes of the second and third points as directed toward the admitted testimony.

The first point depends for its integrity upon the assumption that the appellants were holders in due course, and that assumption is negatived by the proof that they held as agents and representatives of the payee against whom evidence of failure in consideration was competent. For the purposes of the determination we have assumed, without deciding, that the endorsement of the Plymouth Steel Co. by its president and secretary without designation of his official capacity, and without documentary proof of his authority to sign for the corporation, was good.

The judgment below will be affirmed.